RECEIVED
MAY 0 3 2002
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
MAY 0 3 2002
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * * * | CV02-0887 S CIVIL ACTION NO. |
| Plaintiff | * * | DIVISION JUDGE WALTER |
| v. | * * | JUDGE MAGISTRATE JUDGE PAYNE |
| ASPLUNDH TREE EXPERT CO., | * * | MAG. |
| Defendant | * | JURY DEMAND |

### COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission, and files its Complaint with Jury Demand. Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Mr. Ronnie Collins, Jr. ("Collins") and any individuals in like or related situations, who were adversely affected by being harassed or subjected to a hostile work environment because of sex (male).



## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

Venue is proper in this Court under 28 U.S.C. § 1391 and Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3). The unlawful actions which are the subject of the instant lawsuit occurred within the district of this Court.

## PARTIES

3.

Plaintiff, the United States Equal Employment Opportunity Commission (referred to hereinafter as the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.

Made Defendant herein is Asplundh Tree Expert Co., a Pennsylvania-domiciled corporation (referred to hereinafter as "Defendant" or "Asplundh"). At all relevant times, Defendant has been doing business within the State of Louisiana and has had at least fifteen (15) employees.

5.

At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.

More than thirty (30) days prior to the institution of this lawsuit, Collins filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.

Defendant was at all times relevant and continues to be Collins's "employer" within the meaning of Title VII.

8.

During the period of October 16, 1999 through September 5, 2000, Defendant's employee at its Shreveport, Louisiana operations subjected Collins to severe and pervasive sexual harassment and/or a hostile work environment because of his sex in violation of Section 703 of Title VII, 42 U.S.C. §§ 2000e-2. The harassment included repeated and unwelcome sexually suggestive remarks, sexually graphic statements and overtures that were directed toward Collins and/or other co-workers in Collins's presence; offensive physical closeness coupled with sexually suggestive statements and overtures that were directed toward Collins and/or other co-workers in Collins's presence; requests for sexual favors that were directed toward Collins and/or other co-workers in Collins's presence, and at least one occasion of the offending employee's

sexually suggestive touching of Collins. The offending statements included, but were not limited to:

- (a) "I need some black dick. Go to my company truck; look in the glove box; get one of those black condoms, put it on and come fuck me in the ass."

- (b) "Could he suck my dick?"

- (c) "Would you let me suck your dick if I take out my false teeth?"

- (d) "You got a good looking ass."

- (e) "Pull out your dick and I'll suck it" (while the harasser was on his knees and positioned within a few inches of Collins's crotch).

9.

Defendant officials with managerial and/or supervisory authority, who were "agents" of Defendant within the meaning of Title VII, knew or should have known about the sexual harassment to which Collins was being subjected, but failed to take prompt, effective, appropriate remedial measures in response. Despite reports about the harassment from Collins and his co-workers to their supervisors, the offending employee continued to harass Collins and his co-workers.

10.

Defendant did not have an effective system in place during the relevant period to prevent its employees from being subjected to sexual harassment and did not take appropriate reasonable steps to prevent Collins, and any individuals in like or related situations, from being subjected to illegal harassment and/or subjected to a hostile work environment in violation of Title VII.

11.

The effect of the practices complained of herein was alteration of the terms and conditions of Collins' employment and/or interference with his ability to perform his job, resulting in damages to Collins's psyche and state of mental well-being and other damages to be proved at trial.

12.

The unlawful practices of Defendant complained of herein have deprived Collins, and any individuals in like or related situations, of equal employment opportunities, have otherwise adversely affected the conditions of their employment because of their sex (male), and caused them to suffer nonpecuniary injuries.

13.

The unlawful employment practices complained of herein were intentional.

**PRAYER FOR RELIEF**

*WHEREFORE*, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, managers, supervisors, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination in the workplace on the basis of gender, including but not limited to creating, perpetuating, allowing or condoning sexual harassment and/or a hostile work environment on the basis of sex;

B.  Order Defendant to institute and carry out policies, practices, and programs which are designed 1) to prevent sexual harassment and/or a hostile work environment

on the basis of sex and 2) to eradicate the effects of its past unlawful employment practices;

C. Order Defendant to make whole Collins, and any individuals in like or related situations, by providing them compensation for nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

D. Award the Commission its costs of this action; and

E. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues raised by this Complaint.

Date: 5/1/02

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel
No Bar Roll Number

KEITH T. HILL
Regional Attorney
Bar Roll Number 15200000

MICHELLE T. BUTLER
Supervisory Trial Attorney
Bar Roll Number 1286

*N. Eleanor Graham* (signature)

N. ELEANOR GRAHAM
Senior Trial Attorney
Bar Roll no. 16946
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New Orleans District Office
701 Loyola Avenue
Suite 600
New Orleans, LA 70113
Telephone:   (504) 589-6922 (Graham)
             (504) 589-6942 (Butler)
             (504) 589-6817 (Hill)
Facsimile:   (504) 589-2805

**COUNSEL FOR PLAINTIFF**
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:
  CT CORPORATION SYSTEM
  8550 United Plaza Blvd.
  Baton Rouge, LA 70809