RECEIVED

OCT 0 6 2003

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
10/08/03
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | * * * | CIVIL ACTION NO. 02-0887 |
| Plaintiff | * * | JUDGE HICKS |
| v. | * * | MAGISTRATE PAYNE |
| **ASPLUNDH TREE EXPERT CO.,** | * * | |
| Defendant | * | |

## CONSENT DECREE

On May 3, 2002, the Equal Employment Opportunity Commission ("the Commission") instituted Civil Action Number 02-0887 in the United States District Court for the Western District of Louisiana, charging Defendant Asplundh Tree Expert Co. ("Asplundh"), with violation of Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)("Title VII"), alleging that Asplundh discriminated against Mr. Ronnie Collins, Jr. ("Ronnie Collins" or "Mr. Collins") by subjecting him to sexual harassment and/or a sexually hostile work environment. The Commission's suit sought to provide relief for Mr. Collins and similarly situated unnamed individuals. Asplundh denies that it subjected Mr. Collins to sexual harassment and/or a sexually hostile work environment or that it engaged in any conduct in violation of Title VII. The Commission and Asplundh now wish to resolve all claims and controversies encompassed by this lawsuit without the burden, expense or delay of further litigation, subject, however, to the approval of this Court.



THEREFORE, IT IS HEREBY AGREED BETWEEN THE COMMISSION AND ASPLUNDH AND ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of this lawsuit and over the parties to this lawsuit.

2. The purposes of Title VII will be furthered by the entry of this Decree, the terms of which constitute a fair and equitable settlement.

3. The negotiation, execution and entry of this Decree will resolve any and all claims of the Title VII violations brought by the Commission against Asplundh arising out of Commission Charge Number 270-A1-0553, which was filed by Ronnie Collins, and this lawsuit, Civil Action Number 02-0887.

4. This Decree relates only to the alleged violations of Title VII raised in Commission Charge Number 270-A1-0553 and by the Commission's suit. Further, it is expressly acknowledged and agreed by the Commission and Asplundh that this Decree does not relate to or purport to settle any individual claims of Ronnie Collins as Plaintiff-Intervenor in the Commission's suit; and the parties acknowledge that due to Mr. Collins's intervention in the Commission's suit, any monetary and individual relief that may be obtained by him against Asplundh in that action shall be incorporated by reference into this agreement between the Commission and Asplundh as constituting any relief that the Commission would seek on his behalf arising out of any and all claims raised by EEOC Charge Number 270-A1-0553 and the Commission's suit. Further, it is expressly acknowledged and agreed by the Commission and Asplundh that this Decree does not relate to or purport to settle any other charges or any

individual claims of Robert Rushing, Bill Lopez, and James Baldwin as Plaintiffs-Intervenors in the Commission's suit.

5. Neither the negotiation, execution, nor entry of this Decree shall constitute an acknowledgment or admission of any kind by Asplundh, that its officers, agents or employees have violated or have not been in compliance with Title VII or with any other applicable law, regulation or order.

6. Asplundh has implemented and agrees to continue training its Foremen, General Foremen, Supervisors, and field employees in the Shreveport, Louisiana area on the topic of sexual harassment, which training will be performed at a minimum once each year during the life of this decree.

7. Asplundh agrees to continue posting the Commission's "Equal Employment Opportunity is the Law" poster in a prominent and accessible place in its Shreveport, Louisiana office location.

8. Asplundh has implemented and agrees to maintain anti-discrimination policies, including its policies prohibiting work-place harassment and providing for employee complaints and reports about suspected work-place harassment. Asplundh has posted and will continue to post its work-place harassment and complaint-reporting policies in a prominent and accessible place in its Shreveport, Louisiana office location. Further, Asplundh agrees to continue providing copies of the Employee Handbook containing the company's Equal Employment Opportunity policy to newly hired employees and to continue to maintain a copy of this handbook in its company trucks.

9.  Asplundh agrees to provide to the Commission through its Regional Attorney, a total of four (4) semi-annual written reports during the two-year period in which this Consent Decree is in effect. Each report shall certify that Asplundh has conducted its EEO training and shall contain all instances, if any, in which an employee in the Shreveport, Louisiana area complained about same-sex sexual harassment or same-sex sexually hostile work environment during the two-year period in which the Consent Decree is in effect. The report shall provide a detailed explanation of the actions Asplundh took to investigate the complaint and resolve the complaint.

10. This Consent Decree shall remain in force for two years after the date of entry of this Decree.

11. Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

12. The Commission and Asplundh will each bear its own attorneys' fees and costs incurred in connection with the litigation of this lawsuit.

13. This Court shall retain jurisdiction over this action for the purpose of enforcing this Decree, if necessary; and either party is empowered to enforce this Decree through the applicable judicial enforcement procedures.

14. This Decree sets forth the entire agreement between the Commission and Asplundh, and it fully supersedes any and all prior agreements or understandings between the Commission and Asplundh pertaining to the subject matter herein. There are no other

provisions, agreements or understandings that are contained herein; and this Decree cannot be altered by oral agreement between the parties, but only by written Court-ordered modification.

**IT IS SO ORDERED.**

Shreveport, Louisiana, this 7th day of October, 2003.

*/s/ A. Maurice Hicks*
United States District Judge

SUBMITTED AND APPROVED BY:

Date: October 2, 2003

JUDGMENT ENTERED
10/08/03
BY
COPY: Graham
       Hemwell
       Oates
       Allison

ERIC S. DREIBAND
General Counsel
No Bar Roll Number

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/*
KEITH T. HILL
Regional Attorney
Bar Roll Number 15200000

*/s/*
MICHELLE T. BUTLER
Supervisory Trial Attorney
Bar Roll Number 1286

*/s/*
N. ELEANOR GRAHAM
Senior Trial Attorney
Bar Roll Number 16946

5

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
New Orleans District Office
701 Loyola Avenue
Suite 600
New Orleans, LA 70113
Telephone:    (504) 589-6922
              (504) 589-6817
Facsimile:    (504) 589-2805

-and-

_____
TAMMY L. DOBBS, Trial Attorney (TA)
SHANNON L. MILLER
CONSTANGY, BROOKS & SMITH, LLC
1901 Sixth Avenue North, Suite 1410
Birmingham, AL 35203-4605
Telephone:    (205) 252-9321
Facsimile:    (205) 323-7674

ROBERT H. SHEMWELL, JR.
Bar Roll Number 22616
WEEMS, SCHIMPF, GILSOUL,
       HAINES & CARMOUCHE
912 Kings Highway
Shreveport, LA 71104
Telephone:    (318) 222-2100
Facsimile:    (318) 226-5100

ATTORNEYS FOR DEFENDANT
ASPLUNDH TREE EXPERT CO.